UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-00467 RGK (JEMx) | Date | April 4, 2016 |
|---|---|---|---|
| Title | *Michael Walis v. Christian Fernandez* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 14)

**I.  INTRODUCTION**

On November 24, 2015, Michael Walis ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Christian Fernandez ("Fernandez"), Jonathan Katz ("Katz"), Richard Waserstein ("Waserstein"), Claudio Fernandez ("Claudio") and Facility Pro, Inc. ("Facility Pro"), (collectively "Defendants"), alleging (1) Breach of Oral Contract, (2) Intentional Misrepresentation, (3) Negligent Misrepresentation, (4) Breach of Fiduciary Duty, (5) Constructive Fraud, (6) Fraudulent Deception, (7) Breach of Implied Covenant of Good Faith, and alternatively (8) Unjust Enrichment.

On January 21, 2016, Defendants removed the action to this Court on the basis of diversity jurisdiction. On February 18, 2016, Plaintiff filed an amended complaint ("FAC"), adding Maintenance Pro, Inc. ("Maintenance Pro"), a California corporation and Altruistic Staffing Corp, Inc., a Florida corporation ("Altruistic"), as Defendants.

On February 26, 2016, Plaintiff filed the current Motion to Remand, arguing that Defendant Maintenance Pro, a California corporation, defeats complete diversity. For the following reasons the Court **DENIES** Plaintiff's Motion.

**II.  FACTUAL BACKGROUND**

The following facts are alleged in the FAC:

Defendants operate Facility Pro, a facility maintenance company in Florida. In February 2014, Defendant Fernandez, on behalf of himself and Defendants Katz, Waserstein, and Claudio, orally entered into a franchise-like partnership agreement ("Partnership Agreement") with Plaintiff to open and run a Facility Pro branch in Los Angeles ("LA Branch"). The LA Branch paid Facility Pro a

commission, while Plaintiff provided the financial capital and Fernandez provided general support for the LA Branch.

On April 16, 2014, Plaintiff and Fernandez formed Maintenance Pro, a California corporation, to operate the LA Branch. Plaintiff was named President and Director of Maintenance Pro, while Fernandez was named Treasurer.

During the relevant time period, Maintenance Pro conducted business with Wal-Mart stores in Los Angeles. Because of Wal-Mart's demand cycle, Maintenance Pro's financial success ebbed and flowed, causing Fernandez to modify the Partnership Agreement three times.

Ultimately, Plaintiff and Fernandez could not agree on how to adjust to Wal-Mart's declining demand, and on April 13, 2015, Fernandez told Plaintiff that he intended to shut down the LA Branch and buy Plaintiff out for a fair price. However, contrary to his representations, Fernandez never shut down or even intended to shut down the LA Branch; essentially cutting Plaintiff out of the company and buying him out for an unfair price.

### III. JUDICIAL STANDARD

A defendant may remove a case from state court when federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts must "strictly construe the removal statue against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by preponderance of the evidence that removal is proper. *Id.* At 566-67.

### IV. DISCUSSION

Defendants oppose Plaintiff's Motion to Remand, arguing that Plaintiff's joinder of Maintenance Pro is fraudulent or a sham because Plaintiff has failed to state any cause of action against Maintenance Pro.

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchy v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder of a non-diverse defendant is fraudulent if the failure of a plaintiff to state a cause of action against that defendant is obvious according to the settled rules of the state. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1988). When fraudulent joinder is an issue, "the Court may look beyond the pleadings." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156,1159 (citing *Ritchy*, 139 F.3d at 1318).

#### A. Plaintiff Cannot Establish a Viable Claim Against Maintenance Pro

##### 1. *Breach of Contract Claim*

Plaintiff cannot state a viable claim for Breach of Contract against Maintenance Pro. In California, the elements for breach of oral and written contract are the same: (1) the existence of a contract, (2) its performance or excuse for nonperformance, (3) breach, and (4) damages. *Stockton Mortgage, Inc. v. Tope*, 183 Cal. Rptr. 3d 186, 200 (Ct. App. 2014).

Here, Plaintiff alleges that Maintenance Pro breached the Partnership Agreement. However, Maintenance Pro did not even exist during the formation of the Partnership Agreement. Plaintiff alleges that he and Fernandez orally entered into the Partnership Agreement on February 14, 2014. Plaintiff and Fernandez formed Maintenance Pro on April 16, 2014. None of the three subsequent modifications to the Partnership Agreement indicate that Maintenance Pro was a party to it, either. (FAC ¶¶ 123-29, ECF No. 13.) Maintenance Pro cannot breach a contract that it is not a party to, and thus, Plaintiff cannot

state a viable claim against Maintenance Pro for Breach of Contract.

### 2. *Intentional and Negligent Misrepresentation Claims*

Plaintiff cannot state a viable claim for Intentional or Negligent Misrepresentation against Maintenance Pro. The elements for Intentional Misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage. *Chapman v. Skype, Inc.*, 162 Cal. Rptr. 3d 864, 875 (Ct. App. 2013). Negligent Misrepresentation requires the same elements, except there is no requirement for knowledge of falsity. *Id*.

Plaintiff's FAC alleges that Fernandez knowingly made the false representation that he planned to shut down the LA Branch, and that in reliance on that representation, Plaintiff has been damaged by approximately $200,000. Specifically, Plaintiff asserts that Fernandez used his position as Treasurer of Maintenance Pro to fraudulently push Plaintiff out of the company and take it over for the Defendants' use. (Pl.'s Reply ISO Pl.'s Mot. To Remand 3:1, ECF No. 23.)

Plaintiff, however, fails to show how Fernandez's title as Treasurer establishes a viable claim against Maintenance Pro. Plaintiff backs his assertion that Fernandez, as Treasurer, was "in charge" of Maintenance Pro finances by submitting an email that Fernandez sent to Altruistic on behalf of Maintenance Pro in which he wrote, "pls cut check". (Pl.'s Reply ISO Pl.'s Mot. To Remand 3:6, ECF No. 23.) This attenuated reasoning is inconsistent with numerous other facts surrounding the dispute. For example, Plaintiff is the President, Director, and sole owner of Maintenance Pro. Plaintiff even admits that during the relevant time period he believed himself to be the sole owner of Maintenance Pro. (FAC ¶39, ECF No. 13.) Further, Fernandez filed a declaration confirming that he had no pecuniary interest in or control over Maintenance Pro. (Decl. Of Christian Fernandez ¶6, ECF No. 15-3.) It is illogical that Maintenance Pro, over which Plaintiff holds complete ownership, was somehow used by Defendant, holding the mere title of Treasurer and having no pecuniary stake in Maintenance Pro, to defraud Plaintiff.

### 3. *Breach of Fiduciary Duty Claim*

Plaintiff cannot state a cause of action against Maintenance Pro for Breach of Fiduciary Duty. Fiduciary duties "are imposed by law in certain technical, legal relationships such as those between partners." *Hasso v. Hapke*, 173 Cal. Rptr. 3d 356, 383, (Ct. App. 2014). The elements of a cause of action for Breach of Fiduciary Duty are the existence of the fiduciary relationship, a breach, and damage from the breach.  *Id*. (citation omitted).

Plaintiff's FAC alleges that Fernandez breached his fiduciary duty as Plaintiff's partner in the Partnership Agreement. (FAC ¶¶ 104, 105, 106, ECF No. 13.) However, the FAC is devoid of any allegations that Maintenance Pro was a party to the Partnership Agreement, and moreover, lacks any indication that there existed some sort of independent fiduciary relationship between Plaintiff and Maintenance Pro. This cause of action is premised on the Partnership Agreement between Plaintiff and Fernandez, and has little to do with Maintenance Pro. Thus, because Maintenance Pro did not have a fiduciary relationship with Plaintiff, Plaintiff cannot state a viable claim against Maintenance Pro for Breach of Fiduciary Duty.

### 4. *Constructive Fraud and Fraudulent Deception Claims*

Plaintiff cannot state a claim for Constructive Fraud or Fraudulent Deception against Maintenance Pro. Constructive Fraud "arises on a breach of duty by one in a confidential or fiduciary

relationship to another which induces justifiable reliance by the latter to his prejudice." *Odorizzi v. Bloomfield Sch. Dist.*, 54 Cal. Rptr. 533 (Ct. App. 1966). Fraudulent Deception under §1572 is any act fitted to deceive in order to induce a party to enter a contract. *Pacesetter Homes, Inc. V. Brodkin*, 85 Cal. Rptr. 39, 42 (Ct. App. 1970).

First, Plaintiff cannot state a viable claim for Constructive Fraud because he is unable to show that Maintenance Pro breached a confidential or fiduciary relationship with Plaintiff. As noted above, Plaintiff's claim is premised on the partnership between he and Fernandez. Maintenance Pro is not a member to this fiduciary relationship, and thus cannot have breached a fiduciary duty. Next, Plaintiff cannot establish a claim for Fraudulent Deception because Maintenance Pro did not exist during the formation of the Partnership Agreement and therefore cannot be liable for fraudulently inducing Plaintiff to enter into the Partnership Agreement. Thus, Plaintiff cannot establish a viable claim for Constructive Fraud or Fraudulent Deceit.

    5. *Breach of Implied Covenant of Good Faith and Fair Dealing Claim*

Plaintiff cannot state a cause of action against Maintenance Pro for Breach of Implied Covenant of Good Faith and Fair Dealing. Under California law, to allege a claim for Breach of Implied Covenant of Food Faith and Fair Dealing, a plaintiff must allege (1) a contract between plaintiff and defendant, (2) plaintiff's performance, (3) defendant's performance, (4) defendant's unfair interference with plaintiff's right to receive the benefits of the contract, and (5) defendant's conduct harmed plaintiff. *Merced Irr. Dist. v. County of Mariposa*, 941 F. Supp. 1237, 1280 (E.D. Cal. 2013).

Similar to Plaintiff's claim for Breach of Contract, this claim is based on the Partnership Agreement - an agreement that Maintenance Pro was not a party to. (FAC ¶ 123, ECF No. 13.) The first element of this claim is the existence of a contract between a plaintiff and defendant. *Merced*, 941 F. Supp. at 1280. As explained above, Maintenance Pro was not a party to the Partnership Agreement, and as such, Plaintiff cannot establish a claim for Breach of Implied Covenant of Good Faith and Fair Dealing against Maintenance Pro.

    6. *Unjust Enrichment Claim*

Plaintiff cannot state a claim against Maintenance Pro for Unjust Enrichment. When one is unjustly enriched at the expense of another, the benefitted party is required to make restitution. *First Nationwide Savings v. Perry*, 15 Cal. Rptr. 2d 173, 175 (Ct. App. 1992). Determining whether enrichment is "unjust" requires various policy considerations, and is rarely a black and white answer. *Id*.

Plaintiff's FAC submits that Defendants have been unjustly enriched by the money they have received while continuing their business, and that if Defendants are not required to perform under the Partnership Agreement, they will be unjustly enriched. Once again, Plaintiff bases its allegations upon the non-performance of the Partnership Agreement, to which Maintenance Pro is not a party. Even if the Partnership Agreement was not an issue, the quandary remains: *who* is being unjustly enriched by Maintenance Pro's profit if Plaintiff is the *sole owner* of the Maintenance Pro? Because Maintenance Pro is not a party to the Partnership Agreement, and because it is unclear *who* exactly would be unjustly enriched by Maintenance Pro's performance under the contract, Plaintiff cannot establish a claim for unjust enrichment.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.


**IT IS SO ORDERED.**

:

Initials of Preparer