UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 16-00467 RGK (JEMx)** | Date | January 31, 2017 |
| Title | ***Michael Walis v. Christian Fernandez, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Charles A. Rojas | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Defendants' Motion for Summary Judgment (DE 67)**

## I. INTRODUCTION

On November 24, 2015, Michael Walis ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Christian Fernandez ("Fernandez"), Jonathan Katz ("Katz"), Richard Waserstein ("Waserstein"), Claudio Fernandez ("Claudio") and Facility Pro, Inc. ("Facility Pro"), (collectively "Defendants"), alleging (1) Breach of Oral Contract; (2) Intentional Misrepresentation; (3) Negligent Misrepresentation; (4) Breach of Fiduciary Duty; (5) Constructive Fraud; (6) Fraudulent Deception; (7) Breach of Implied Covenant of Good Faith; and alternatively (8) Unjust Enrichment.

On January 21, 2016, Defendants removed the action to federal court based on diversity jurisdiction. On February 18, 2016, Plaintiff filed a first amended complaint ("FAC"), adding Defendant Maintenance Pro, Inc. ("Maintenance Pro"), a California corporation, and Altruistic Staffing Corp, Inc., a Florida Corporation ("Altruistic"). On March 3, 2016, Defendant filed a Motion to Dismiss, and the Court dismissed all Defendants except Fernandez, with leave to amend. On April 22, 2014, Plaintiff filed a second-amended complaint ("SAC"), and on May 6, 2016, Defendants filed a second Motion to Dismiss. This time the Court dismissed Defendants Facility Pro and Altruistic, with prejudice.

Presently before the Court is Defendant's Motion for Summary Judgment, filed on December 12, 2016. For the following reasons, the Court **DENIES** Defendant's Motion.

## II. FACTUAL BACKGROUND

Defendants operate Facility Pro, a facility maintenance company in Florida. Defendants and Plaintiff decided to jointly open and run a similar company in California. Plaintiff and Defendants had a falling out, however, which resulted in the instant litigation. The specifics of that falling out are disputed, but not at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 16-00467 RGK (JEMx)** | Date | January 31, 2017 |
| Title | ***Michael Walis v. Christian Fernandez, et al.*** | | |

At issue in the instant Motion is whether or not Plaintiff signed two written independent contractor agreements in Florida on February 1, 2014. Defendants argue that these agreements formed the basis for the parties' joint venture to open Maintenance Pro in California, *not* an alleged oral agreement. For a variety of reasons outlined below, Defendants contend that Plaintiff's having signed these two written agreements entitles Defendants to judgement as a matter of law.

Defendants offer as evidence copies of two independent contractor agreements purportedly bearing Plaintiff's signature, as well as the signature and stamp of a notary public. These documents purport to have been signed by Plaintiff on February 1, 2014, in Florida. Defendants also offer declarations from those purportedly present for the signing (including the notary public).

Plaintiff, however, denies ever having signed, or even seen the two documents, and argues that they are fraudulent. Plaintiff offers credit card, bank, and flight records as evidence that he was not in Florida on February 1, 2014, when the documents were allegedly signed, but rather was in Los Angeles, where he lives. Plaintiff also questions why these two documents are only now being produced by Defendants, despite significant pretrial litigation in this case, including two rounds of motions to dismiss.

## III. <u>JUDICIAL STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party needs to show only that there is an absence of evidence to support the non-moving party's case. *See id.* To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. *Id.* at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *See Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

## IV. <u>DISCUSSION</u>

Defendants argue that they are entitled to summary judgment because the alleged oral agreement between the parties, on which Plaintiff predicates his claims, is fatally flawed.

Specifically, Defendants contend that Plaintiff signed two written independent contractor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-00467 RGK (JEMx)** | Date | January 31, 2017 |
|---|---|---|---|
| Title | ***Michael Walis v. Christian Fernandez, et al.*** | | |

agreements ("ICAs"), and that a cascade of legal consequences flow from Plaintiff having signed them. Defendants argue that (1) the integration clauses in both documents preclude Plaintiff from arguing that there was a separate oral agreement between the parties, (2) Plaintiff has failed to exhaust the informal remedies required in the written contracts; and (3) the contracts' venue and choice of law provisions require this lawsuit to have been brought in Florida, and to be governed by Florida law.

Before addressing the legal consequences of the ICAs on Plaintiff's claims, however, the Court must first determine whether the undisputed facts establish that Plaintiff signed the ICAs in the first place. Because the Court concludes that there are triable issues of material fact as to whether Plaintiff signed the ICAs, the Court need not address what legal consequences, if any, would flow from a finding that Plaintiff signed them.

Defendants contend that on February 1, 2014, Plaintiff signed the ICAs in Florida, in the presence of Fernandez, Katz, and a Florida notary public named Paula M. Rosa. Defendants offer declarations to this effect from all those purportedly present, including the notary. Defendants further offer as evidence copies of the ICAs themselves, which appear to bear Plaintiff's signature, the date (2-1-14), the notary's signature, and the notary's stamp. Defendants also offer a declaration from a handwriting expert who analyzed the signature blocks on the ICAs and compared them with other documents Plaintiff has signed. The handwriting expert concludes that there are substantial similarities between the two signatures, and that Plaintiff likely signed both of the ICAs.

Plaintiff, however, counters with evidence that he wasn't even in Florida on the day the documents were purportedly signed and notarized. Plaintiff offers credit card and bank statements, as well as flight records indicating that he was in Los Angeles on February 1, 2014, and didn't travel to Florida until February 6, 2014. Plaintiff states in a sworn statement that he never signed the document, and never met the notary. Plaintiff also points out that the ICAs were not included in Defendants' initial disclosures. Plaintiff notes that Defendants have also filed previous declarations with the Court that seem to rule out the existence of the ICAs, referring instead to an oral agreement between the parties as being operative.

Courts may grant summary judgment only where there is no genuine dispute as to any material fact. The Court holds that whether Plaintiff signed the ICAs is material because it *potentially* triggers a cascade of legal consequences entitling Defendants to judgment as a matter of law. The Court concludes that Plaintiff has presented evidence sufficient to create a genuine dispute of material fact on this issue for trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **CV 16-00467 RGK (JEMx)** | Date | January 31, 2017 |
| Title | ***Michael Walis v. Christian Fernandez, et al.*** | | |

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

: 

Initials of Preparer cr