**SMS LAW GROUP, LLP**
Adi Sarbaz (SBN 263784)
Kian Moghbeli (SBN 275514)
Arash Sarbaz (SBN 302196)
7360 Santa Monica Blvd, Suite 200
West Hollywood, CA 90046
Telephone: 310-401-1662

Kaveh Navab (SBN: 280235)
**NAVAB LAW**
13160 Mindanao Way, Suite 280
Marina Del Rey, California 90292
Telephone: 310.826.1002
Facsimile: 916.927.2046
Email: navablaw@gmail.com

Attorneys for Plaintiff,
MICHAEL WALIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL WALIS, an individual,<br><br>v.<br><br>CHRISTIAN FERNANDEZ, AN INDIVIDUAL; JONATHAN KATZ, AN INDIVIDUAL; RICHARD WASERSTEIN, AN INDIVIDUAL; CLAUDIO FERNANDEZ, AN INDIVIDUAL; FACILITY PRO, INC., A FLORIDA CORPORATION; MAINTENANCE PRO SERVICES LA, INC., A CALIFORNIA CORPORATION; ALTRUISTIC STAFFING CORP, INC., A FLORIDA CORPORATION AND DOES 3-10<br><br>Defendants. | Case No: 2:16-cv-00467-RGK-JEM<br>State Case No.: BC 602290<br><br>**PLAINTIFF'S MOTION *IN LIMINE* 5 TO EXCLUDE ANY MENTION OF LAWSUIT IN FLORIDA FILED ON MARCH 3, 2017**<br><br>**[*Hon. R. Gary Klausner*]**<br>**Ctr: 850**<br>**Date: March 7, 2017**<br>**Time: 9:00 a.m.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Michael Walis, by and through counsel, hereby moves this Court *in limine* for an order excluding Defendants' from testifying about, introducing evidence of, or in any manner referencing the lawsuit filed by Defendants' companies Facility Pro and Altruistic Staffing on March 3, 2017, just days before trial in the instant manner. Any evidence of or reference to the lawsuit filed in Florida in highly irrelevant and prejudicial and seeks only to harass Plaintiff.

**Statement of Local Rule 7-3 Compliance**: This motion is made following the meet and confer between counsel for Plaintiffs and Defendants, during which no resolution could be reached.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: March 4, 2017

Respectfully submitted,

SMS LAW GROUP, LLP.
NAVAB LAW

By: ______/S/______________________
Kaveh Navab

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff seeks by way of this motion to exclude and preclude Defendants' from testifying about, introducing evidence of, or in any manner referencing the lawsuit filed by Defendants' companies Facility Pro and Altruistic Staffing against Plaintiff on March 3, 2017, just days before trial in the instant manner. Any evidence of or reference to the lawsuit filed in Florida in highly irrelevant and prejudicial and seeks only to harass Plaintiff.

On March 3, 2017, just four days before the trial in the instant matter begins, Plaintiff's counsel received an email from Defense counsel asking if Plaintiff's counsel would accept service of a lawsuit filed that morning against Plaintiff in Florida by Defendants' companies Facility Pro and Altruistic Staffing. **The bogus and last minute attempt to harass and intimidate Plaintiff by filing an irrelevant lawsuit in Florida against Plaintiff must be excluded from trial in this matter.** The lawsuit was filed just four days before the trial is set to begin in this matter solely in an attempt to harass and intimidate Plaintiff on the eve of trial. The lawsuit in Florida is highly irrelevant to the case at hand and any mention or evidence of the lawsuit will only serve one purpose to prejudice Plaintiff. As such, it must be excluded at trial in this matter. Plaintiff has not even been served with the lawsuit and has such Defendants cannot use the lawsuit at trial.

### A. EVIDENCE OF THE LAWSUIT FILED AGAINST PLAINTIFF BY DEFENDANTS' COMPANIES IN FLORIDA FOUR DAYS BEFORE TRIAL IN THIS MATTER IS IRRELEVANT

Federal Rule of Evidence ("FRCP") 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. FRCP 402 states in part that evidence which is not relevant is not admissible.

Any evidence of the bogus lawsuit filed in Florida just days before the trial in this matter is irrelevant. The lawsuit does not concern the matters at issue in the instant case and only serves to harass and intimidate Plaintiff. The only conceivable reason to allow such evidence in at trial would be to prejudice Plaintiff and to create a false and highly prejudicial inference by the jury through this last minute attempt to sue Plaintiff in Florida. Plaintiff has not even been served with the lawsuit. Thus, it is highly irrelevant and prejudicial.

The jury may reach the wrong conclusion and it would just waste time to address such a last minute effort to sue Plaintiff in another state. It will only serve to highly prejudice Plaintiff and cause undue confusion and a waste of time. Moreover, because such an inference is false, it is axiomatic that it would mislead and confuse the jury. Such an inference would create a substantial danger of undue prejudice to Plaintiff. *See* FRCP 403; *United States v. Hankey*, 203 F.3d 1160, 1172(9th Cir. 2000) ("[u]nfair prejudice" means an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

## IV. CONCLUSION:

For the foregoing reasons, the Plaintiff respectfully requests his Motion *In Limine* No. 5 be granted and any evidence of or reference to the lawsuit filed in Florida be excluded and/or precluded at trial.

DATED: March 4, 2017

Respectfully submitted,
SMS LAW GROUP, LLP.
NAVAB LAW

By: ________/S/___________________
Kaveh Navab